CRANE and another vs. THE AULTMAN TAYLOR COMPANY, imp.

*September 6 — September 23, 1884.*

*Mortgages — Foreclosure — Conveyance to mortgagee — Merger — Redemption from prior mortgage after sale — Sheriff's deed — Payment of taxes.*

Three mortgages existed upon the same tract of land, one to S. (covering another tract also), one to the plaintiffs, and one to the A. T. Co.,— having priority in the order named. S. foreclosed his mortgage on both tracts and bid in the premises, and then assigned the certificate of sale to the plaintiffs. The mortgagors afterwards sold and conveyed both tracts to the A. T. Co. in payment of a part of the mortgage debt to it, and it thereupon redeemed both tracts from the foreclosure sale, taking a deed thereof from the sheriff. In an action by the plaintiffs to foreclose their mortgage, *held:*

(1) The interest of the A. T. Co. as mortgagee merged in that acquired by it through the conveyance from the mortgagors, and the balance due on its mortgage became a mere personal debt of the mortgagors.

(2) In redeeming from the foreclosure sale, therefore, the A. T. Co. acted not as a subsequent mortgagee but as the owner of the equity of redemption, and such redemption operated only as a payment of the mortgage to S.

(3) The taking of a deed from the sheriff on such redemption gave the A. T. Co. no title or preference as against the plaintiffs.

(4) Taxes paid by the plaintiffs on the tract not covered by their mortgage could not be added to the amount of their mortgage debt.

APPEAL from the Circuit Court for *Waupaca* County.
Action to foreclose a mortgage of the S. W. ¼ of the N.
E. ¼ of section 9, township 23, range 13 East, in Waupaca
county, given by the defendants Chester Cook and Sophia
Cook, his wife, to the plaintiffs. The facts sufficiently ap-
pear from the opinion. The circuit court held that the
plaintiffs were entitled to' judgment of foreclosure for the
amount found due on their mortgage, including the amount
paid by them for taxes on both forty-acre tracts mentioned
in the opinion, with interest and costs. It further adjudged
that the sheriff's deed, dated March 17, 1881, to the defend-
ant *The Aultman Taylor Company* is void as to the premises
embraced in the mortgage to it; that said defendant pay to
the plaintiffs the amount of the taxes paid by them upon
the forty acres included in the mortgage to Smith but not
in the mortgage to the plaintiffs; and that the plaintiffs, as
assignees of Smith, are entitled to the redemption money in
the hands of the sheriff paid to him by *The Aultman Taylor
Company*, November 13, 1879, upon redemption of the
mortgage to Smith.

The defendant *The Aultman Taylor Company* appealed.

The cause was submitted for the appellant on the brief of
*Myron Reed*.

*John Fordyce*, for the respondents.

Orton, J. The facts are briefly these: Cook and wife
mortgaged the S. W. ¼ of the N. E. ¼ of section 9 — land
belonging to the wife — to the plaintiffs, March 11, 1878.
This is the mortgage in suit. June 4, 1877, the Cooks mort-
gaged the same land, with the N. W. ¼ of the S. E. ¼ of
the same section, to one Thomas C. Smith. September 6,
1877, the Cooks mortgaged the first-mentioned forty acres
to the defendant *The Aultman Taylor Company*, but this
mortgage was not recorded until May 3, 1878, long after the
plaintiffs' mortgage was recorded, which gave the plaintiffs'

mortgage preference. Smith foreclosed his mortgage and bid in both tracts, November 16, 1878, and the plaintiffs purchased and had assigned to them the certificate of sale, March 22, 1879. The Cooks sold and deeded both tracts to the defendant *The Aultman Taylor Company*, September 26, 1879, in consideration of $400, which was receipted on its mortgage, leaving Cook still indebted to it on that mortgage $310. *The Aultman Taylor Company* then redeemed both tracts from the foreclosure sale to Smith, November 13, 1879, by paying the money to the sheriff, and took a deed from the sheriff for both tracts, on that redemption, March 17, 1881. The plaintiffs paid taxes on the land covered by their mortgage, and taxes on the other tract, also, while they held the said certificate of sale, and some afterwards.

The defendant *The Aultman Taylor Company* contends that the plaintiffs' mortgage was discharged or wiped out by the foreclosure of the Smith mortgage, and sale, and its redemption thereof and taking a deed. When this defendant redeemed, it had purchased and owned the premises in fee, but it is contended that it redeemed as a subsequent mortgagee also. There is no doctrine better settled than that the defendant's mortgage was merged in its higher title by deed from the mortgagor. The $310, not a part of the consideration, was no longer a mortgage debt against the land, but a mere debt of the mortgagor. The various statutes and authorities cited are foreign to such a case. When the defendant redeemed, it was the owner of the equity of redemption, and it operated only as a payment of the mortgage. The taking a deed of the sheriff did not give the defendant any better title than it had before, or any preference against the plaintiffs' mortgage. It did not purchase the certificate of sale as a stranger, but as the owner, and such pretended purchase is properly called by its learned counsel in his brief a redemption. To allow the claim here made by the defendant would be a profitable discovery to a mort-

gagor of several mortgages executed at different times. He could allow a foreclosure of the first mortgage and bid in the premises at the sale, and thus discharge and cancel all the subsequent ones.

There is more question as to the attitude of the plaintiffs in purchasing and taking an assignment of the certificate of sale of Smith as to the tract which was not covered by their mortgage. As to that tract they were strangers, and had no right to redeem, so that the assignment to them of the certificate of sale as to that tract was a purchase rather than a redemption. But, as the plaintiffs have made no question of this, it is immaterial, and is only mentioned by way of illustration, for the defendant had the right to redeem both tracts as the owner, and standing in the place of mortgagor. This matter is clear and quite apparent, and involves only commonly admitted principles of mortgage equity.

There is error, however, in the judgment as to the taxes embraced in it. The plaintiffs had no right to pay any taxes upon the tract not embraced in their mortgage and tack them to it. This error or excess must work a reversal of the judgment.

*By the Court.*— The judgment is reversed and the cause remanded with direction to the circuit court to render the same judgment, less the amount of such taxes as were chargeable to the N. W. ¼ of the S. E. ¼ of section 9, town 23, range 13, and embraced in the present judgment.